1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL GONZALEZ MORALES, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>JEH JOHNSON, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 15-cv-2489-BAS(JMA)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiffs commenced this action on November 3, 2015. There was no activity during the subsequent six months, including no indication that Plaintiffs had served the complaint on Defendants. On June 6, 2016, the Court held a noticed hearing for dismissal for want of prosecution pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1. Counsel appeared on behalf of Plaintiffs at the dismissal hearing, and the Court gave Plaintiffs leave to complete service within 30 days. To date, there remains no indication that Plaintiffs have served the complaint.

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate . . .

1  dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)
2  (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)); *accord*
3  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (holding courts are vested with an
4  inherent power "to manage their own affairs so as to achieve the orderly and
5  expeditious disposition of cases"). This inherent power exists independently of a
6  district court's authority to dismiss an action under Federal Rule of Civil Procedure
7  41(b). *Link*, 370 U.S. at 630-32. "Despite this authority, dismissal is a harsh penalty
8  and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963
9  F.2d at 1260.

10        The circumstances in which a court may exercise its inherent power to dismiss
11  an action include where a plaintiff has failed to prosecute the case, failed to comply
12  with a court order, or engaged in judge shopping. *Link*, 370 U.S. at 630; *Yourish v.*
13  *Cal. Amplifier*, 191 F.3d 983, 989-90 (9th Cir. 1999); *Hernandez v. City of El Monte*,
14  138 F.3d 393, 399 (9th Cir. 1998). In determining whether to exercise this power,
15  "the district court must weigh five factors including (1) the public's interest in
16  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the
17  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases
18  on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d
19  at 1260-61 (quoting *Henderson*, 779 F.2d at 1424; *Thompson*, 782 F.2d 829 at 831)
20  (internal quotation marks omitted). "The first two of these factors favor the
21  imposition of sanctions in most cases, while the fourth factor cuts against a default
22  or dismissal sanction." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).
23  "Thus the key factors are prejudice and availability of lesser sanctions." *Id.* Although
24  it is preferred, the district court is not required to "make explicit findings in order to
25  show that it has considered these factors." *Ferdik*, 963 F.3d at 1261.

26        Under the circumstances of this case, and as recognized by the Ninth Circuit,
27  the public's interest in expeditious resolution of litigation and the court's need to
28  manage its docket weigh in favor of dismissal while the public policy favoring

disposition of cases on their merits weighs against dismissal. *See Wanderer*, 910 F.2d at 656. Risk of prejudice to Defendants also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court held a hearing on June 6, 2016 to determine whether dismissal was appropriate given Plaintiffs' failure to prosecute this action and serve the complaint, but the Court ultimately gave Plaintiffs 30 days to complete service. Consequently, Plaintiffs had adequate warning that failure to serve the complaint may result in dismissal of this action, and the factor weighs in favor of dismissal.

In light of the foregoing, the Court exercises its inherent power to dismiss this action for Plaintiffs' failure to prosecute and for failure to follow a court order. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this action in its entirety.

**IT IS SO ORDERED.**

DATED: July 19, 2016

Hon. Cynthia Bashant
United States District Judge